UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JERRY ADAMS and
CIRA GONZALEZ,
              Plaintiffs,

v.                                         C.A. No. 13-802-ML

SIMON MELNICK, D.O.; RHODE ISLAND
DEPARTMENT OF CORRECTIONS;
ASHBEL T. WALL, Individually and in his official
capacity as director of the Rhode Island Department
of Corrections; CORRECTIONAL OFFICERS JOHN
AND/OR JANE DOE, Alias; JOHN AND/OR JANE DOE,
M.D., Alias; JOHN AND/OR JANE DOE, RN, Alias; and
JOHN DOE CORPORATION, Alias,
              Defendants.

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' motion to amend the complaint. For the reasons stated herein Plaintiffs' motion is denied.

### I. Background

This matter was originally filed in Rhode Island Superior Court and removed to this Court. The complaint alleges that Plaintiff Jerry Adams received inadequate medical care from Defendants. Plaintiffs seek to add a new cause of action alleging that Defendant, Simon Melnick, D.O., ("Melnick") committed unprofessional conduct in violation of R.I. Gen. Laws § 5-37-5.1(19). Defendant Melnick objects.

### II. Standard of Review

Fed. R. Civ. P. 15(a)(2) reflects a liberal amendment policy and provides that a court

1

"should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "Even so, the district court enjoys significant latitude in deciding whether to grant leave to amend" and the First Circuit "defer[s] to the district court's decision if any adequate reason for the denial is apparent on the record." United States ex rel. Gagne v. City of Worcester, 565 F.3d 40, 48 (1st Cir. 2009) (internal quotation marks omitted). "Reasons for denying leave include undue delay in filing the motion, bad faith or dilatory motive, repeated failure to cure deficiencies, undue prejudice to the opposing party, and futility of amendment." Id.

### III.  Analysis

Plaintiffs move to amend the complaint by adding a claim pursuant to the statutory scheme governing the Rhode Island Board of Medical Licensure and Discipline ("Board"). See R.I. Gen. Laws § 5-37-1 et seq. The new count in the proposed amended complaint alleges that Melnick committed unprofessional conduct and thus violated R.I. Gen. Laws § 5-37-5.1(19). R.I. Gen. Laws § 5-37-5.1(19) defines unprofessional conduct as including the:

> [i]ncompetant, negligent, or willful misconduct in the practice of medicine which includes the rendering of medically unnecessary services, and any departure from, or the failure to conform to, the minimal standards of acceptable and prevailing medical practice in his or her area of expertise as is determined by the [B]oard. The [B]oard need not establish actual injury to the patient in order to adjudge a physician . . . guilty of the unacceptable medical practice in this subdivision[.]

R.I. Gen. Laws § 5-37-5.1(19).

When a court construes a statute, its role is to "determine and effectuate the Legislature's intent and to attribute to the enactment the meaning most consistent with its policies or obvious purposes." Brennan v. Kirby, 529 A.2d 633, 637 (R.I. 1987). When language of a statute is clear and unambiguous a court must interpret the statute literally and give the words their plain

2

and ordinary meaning. Such v. State, 950 A.2d 1150 (R.I. 2008). A court "shall not interpret a statute to include a matter omitted unless the clear purpose of the legislation would fail without the implication." State v. Feng, 421 A.2d 1258, 1264 (R.I. 1980). "A court's duty is to construe a statue, not to redraft it." Reid v. Citizens Savings Bank/Citizens Trust Co., 887 F. Supp. 43, 46 (D.R.I. 1995). Under Rhode Island law, the task of assigning remedies for statutory rights is a legislative responsibility and not a judicial function. Narragansett Pellet Corp. v. City of East Providence, C.A. No. 06-464-ML, 2007 WL 2821538 (D.R.I. Sept. 25, 2007). When a statute does not plainly provide for a private right of action for damages, such a right cannot be inferred. Id.

The Rhode Island General Assembly has prescribed two enforcement provisions for unprofessional conduct as alleged in the proposed amended complaint.

> Violations – Penalties. – Unless another penalty is provided by the laws of this state, any person who violates any provision of this chapter or any rule or regulation adopted under this chapter, shall, upon conviction, be punished by a fine of not more than one thousand dollars ($1,000), or by imprisonment for not more than one year, or both.

R.I. Gen. Laws § 5-37-25 (emphasis added). In addition to these penalties, when

> it appears to the [Director of the Department of Health] or [B]oard that any person is violating any of the provisions of this chapter, the director or [B]oard may institute an action to enjoin the violation in a court of competent jurisdiction, and the court may restrain, and/or enjoin any person . . . from violating any of the provisions of this chapter without regard to whether proceedings have been or may be instituted before the [B]oard or whether criminal proceedings have or may be instituted.

R.I. Gen. Laws § 5-37-25.1.

The Court's ultimate goal is to give effect to the legislature's intent – in accordance with the plain and ordinary meaning of the statutory language. The legislature has clearly prescribed

3

remedies for the alleged violation: a fine, imprisonment, and an action for injunctive relief brought at the discretion of the Director of the Department of Health or the Board. It is clear that the Legislature has not provided for a private right of action for damages as a remedy for a violation of the statutory scheme and this Court declines to infer a private right of action. Because the statute does not provide for a private right of action, the proposed amendment is futile.[1]

    For these reasons the motion to amend is denied.

    SO ORDERED.

/s/ Mary M. Lisi
Mary M. Lisi
United States District Judge
February 18, 2015

---

[1] The proposed amendment is also duplicative as the complaint includes a claim for negligence.