**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

JERRY ADAMS and CIRA GONZALEZ
          Plaintiffs,

      v.                                          C.A. No. 13-802-ML

SIMON MELNICK, D.O.; ASHBEL T. WALL,
individually and in his official capacity
as director of the Rhode Island Department
of Correction;
CORRECTIONAL OFFICERS JOHN AND/OR JANE DOE, Alias;
JOHN AND/OR JANE DOE, M.D., Alias;
JOHN AND/OR JANE DOE, RN, Alias; and
JOHN DOE CORPORATION, Alias
          Defendants

**MEMORANDUM AND ORDER**

On June 17, 2016, following a five-day jury trial in this negligence case, the jury found in favor of the Defendants. After the Plaintiff rested his case, both Defendants, Dr. Simon Melnick and the Rhode Island Department of Corrections ("DOC") made oral motions for judgment as a matter of law pursuant to Rule 50 of the Federal Rules of Civil Procedure. Based on the Plaintiff's testimony given with respect to Dr. Melnick, the Court denied Dr. Melnick's motion.

It does not appear from the record that Dr. Melnick renewed his motion after the Defendants rested. However, the Court is of the opinion that, even after submission of all evidence in this case, when the Plaintiff's testimony was considered "in the light most favorable to the nonmoving party," the jury could have decided in the Plaintiff's favor. <u>Marcano Rivera v. Turabo Med. Ctr.</u>

1

P'ship, 415 F.3d 162, 167 (1st Cir.2005). Weighing the differing versions of Plaintiff's encounter with Dr. Melnick was primarily a credibility determination, not a matter of law and, as such, it fell under the province of the jury.

The Court took the DOC's motion under advisement and the DOC supplemented its motion with a written memorandum (Dkt. No. 173) and renewed its motion at the conclusion of the trial. In its memorandum, the DOC took the position that, in order to prove his negligence claim as to a DOC-employed nurse, the Plaintiff was required to put forth expert testimony to establish deviations from the standard of care applicable to nurses.

In his testimony, the Plaintiff related, *inter alia*, that he went to the "medline," and requested help from the nurse. According to the Plaintiff, he was in significant discomfort at that time and told the nurse, "I need to see a doctor." Plaintiff testified that the nurse refused his request; that he called her a "bitch;" and that she provided him with ice to alleviate his discomfort. On her part, the nurse testified that she did not recollect meeting Adams that day; that she would have remembered if an inmate had presented with priapism; and that no inmate had ever called her a bitch. The discrepancies between the two versions also called for a credibility assessment, which was a matter for the jury and did not require the assistance of an expert. When viewed in the light most favorable to the Plaintiff, a reasonable jury could have properly

decided in the Plaintiff's favor. See Pequero-Moronta v. Santiago, 464 F.3d 29, 45 (1st Cir. 2006).

## Conclusion

Dr. Melnick's motion for judgment as a matter of law pursuant to Fed. R. Civ. P. 50 is DENIED. The DOC's motion for judgment as a matter of law pursuant to Fed. R. Civ. P. 50 is DENIED.

SO ORDERED.

/s/ Mary M. Lisi

Mary M. Lisi
Senior United States District Judge
June 22, 2016